UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOVANNY HERNANDEZ SEVERINO,

    Plaintiff,

v.                                                        Case No. 8:22-cv-1490-WFJ-AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## O R D E R

Before the Court is Mr. Severino's Complaint (Doc. 1). The Complaint is essentially identical to a previous complaint for declaratory relief he filed in this Court that was dismissed without prejudice to him challenging his federal conviction under 28 U.S.C. § 2255. *See Severino v. United States*, Case No. 8:22-cv-206-WFJ-AEP (M.D.Fla.). Mr. Severino must challenge his federal conviction under § 2255 rather than under the Declaratory Judgment Act, 28 U.S.C. 2201. *See United States v. Knowles*, 683 F. App'x 736, 737 (11th Cir. 2017) ("Collateral attacks on the legality of a federal sentence typically must be brought under 28 U.S.C. § 2255."); *Hurley v. Lindsay*, 207 F.2d 410, 410–11 (4th Cir. 1953) ("If there was any irregularity in the sentence or orders under which appellant was held, . . .appellant's remedy was a motion in the sentencing court under 28 U.S.C. § 2255, not a petition for a declaratory judgment in another court."); *Clark v. Memolo,* 174 F.2d 978, 981 (D.C. Cir. 1949) ("The action for declaratory judgment is not suitable. . .as a substitute for a motion to vacate or to

correct the sentence in the court where it was imposed, or as a substitute for habeas corpus in the district where the unlawful detention occurs, or as a substitute for a new trial or appeal."); *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir.1966) (per curiam) ("[W]e are unaware of any authority which would permit the [Declaratory Judgment Act] to be used as a post-conviction remedy."); *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir.1964) (per curiam) ("[T]he Declaratory Judgment Act. . .cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures. . . .").

Accordingly, Mr. Severino's Complaint (Doc. 1) is **DISMISSED**. The Clerk must close this case and send a copy of this Court's standard form 28 U.S.C. § 2255 motion to Mr. Severino with his copy of this Order.

ORDERED in Tampa, Florida, on July 8, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Yovanny Hernandez Severino, *pro se*